**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VANESSA DAVIS,**

    **Plaintiff,**

v.                                          Case No:

**CASHNET USA OF FLORIDA, LLC**,

                                           **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **VANESSA DAVIS** ("Ms. Davis" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, CASHNET USA OF FLORIDA, LLC** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.    This action arises out of Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA") by placing calls to Ms. Davis' Cellular Telephone using an automatic telephone dialing system or automated voice or prerecorded message to solicit personal loan services to Ms. Davis without Ms. Davis' prior express consent and even after Ms. Davis demanded several times that Defendant stop calling her Cellular Telephone, which has invaded Ms. Davis' privacy and caused her aggravation and stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **1** of **9**

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 47 U.S.C. § 227.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Davis, was and is a natural person and, at all times material hereto, is an adult and a resident of Hillsborough County, Florida.

6. Ms. Davis is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 310-***-1813 ("Ms. Davis' Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of IL and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

### *Statements of Fact*

8. In or around early March 2019, Defendant began placing automated calls to Ms. Davis' Cellular Telephone requesting the Ms. Davis open a personal loan account with Defendant.

9. Ms. Davis did not know how Defendant obtained her Cellular Telephone number because she never applied for any personal loan services with Defendant.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **2** of **9**

10. Upon answering at least one of Defendant's calls, Ms. Davis heard an automated voice or prerecorded message asking her to call Defendant to open a personal loan account with Defendant.

11. On or around March 8, 2019, Ms. Davis called Defendant and demanded that Defendant stop calling her Cellular Telephone with its automated calls.

12. Despite Ms. Davis' demand, Defendant continued to call Ms. Davis' Cellular Telephone.

13. On or around March 27, 2019, Ms. Davis called Defendant for the second time and demanded that Defendant stop calling her Cellular Telephone with its automated calls.

14. The very next day, March 28, 2019, Defendant called Ms. Davis' Cellular Telephone again.

15. For the third time, Ms. Davis demanded Defendant stop calling her Cellular Telephone.

16. Despite Ms. Davis' demands, Defendant continued to call Ms. Davis' Cellular Telephone.

17. On or around April 4, 2019, Ms. Davis called Defendant for the fourth time and demanded that Defendant stop calling her Cellular Telephone with its automated calls.

18. Despite Ms. Davis' demands, Defendant continued to call Ms. Davis' Cellular Telephone with its automated calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **3** of **9**

19. Upon answering at least one of Defendant's calls, Ms. Davis heard a pause before she was requested to call Defendant for personal loan services.

20. Defendant has called Ms. Davis's Cellular Telephone at least twenty-five (25) times during the time period from early March of 2019 to the present date.

21. Defendant called Ms. Davis's Cellular Telephone from several different telephone numbers, including, but not limited to: 773-869-0934, 773-869-0937, and 773-869-0936.

22. All of Defendant's calls to Ms. Davis's Cellular Telephone were placed in an attempt to solicit personal loan services with Defendant.

### *Count 1: Violation of the Telephone Consumer Protection Act*

23. Ms. Davis re-alleges paragraphs 1-22 and incorporates the same herein by reference.

24. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

25. Ms. Davis never provided any consent for Defendant to call Ms. Davis' Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **4** of **9**

26. This is because Ms. Davis had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Davis' Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

27. Despite never having Ms. Davis' prior express consent to call Ms. Davis' Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant thereafter called Ms. Davis's Cellular Telephone at least twenty-five (25) times.

28. Furthermore, Ms. Davis expressly revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around March of 2019 when she expressly told Defendant to stop calling her.

29. Ms. Davis also expressly revoked consent to have Defendant call Ms. Davis' Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message on or around April 4 of 2019 when she expressly told Defendant to stop calling her.

30. Defendant did not have Ms. Davis' consent to call her Cellular Telephone at any point in time.

31. Ms. Davis never provided Defendant with Ms. Davis' Cellular Telephone number.

32. Defendant did not place any emergency calls to Ms. Davis's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **5** of **9**

33. Defendant willfully and knowingly placed non-emergency calls to Ms. Davis's Cellular Telephone.

34. Ms. Davis knew that Defendant called Ms. Davis's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

35. Ms. Davis knew that Defendant called Ms. Davis's Cellular Telephone using a prerecorded voice because Defendant left Ms. Davis at least one voicemail using a prerecorded voice.

36. Defendant used an ATDS when it placed at least one call to Ms. Davis's Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Davis's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Davis's Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Davis's Cellular Telephone.

40. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **6** of **9**

41. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

42. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

43. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

44. At least one call that Defendant placed to Ms. Davis's Cellular Telephone was made using a prerecorded voice.

45. Defendant has recorded at least one conversation with Ms. Davis.

46. Defendant has recorded more than one conversation with Ms. Davis.

47. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Davis, for its financial gain.

48. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Davis's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

49. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Davis, despite individuals like Ms. Davis revoking any consent that Defendant believes it may have to place such calls.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **7** of **9**

50. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Davis's Cellular Telephone.

51. Defendant has corporate policies to abuse and harass consumers like Ms. Davis despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

52. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

53. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

54. Defendant's phone calls harmed Ms. Davis by causing her embarassment.

55. Defendant's phone calls harmed Ms. Davis by causing her emotional distress.

56. Defendant's phone calls harmed Ms. Davis by causing her to lose sleep.

57. Defendant's phone calls harmed Ms. Davis by causing her stress.

58. Defendant's phone calls harmed Ms. Davis by causing her anxiety.

59. Defendant's phone calls harmed Ms. Davis by causing her aggravation.

60. Defendant's phone calls harmed Ms. Davis by being an annoyance.

61. Defendant's phone calls harmed Ms. Davis by invading her privacy.

62. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **8** of **9**

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Vanessa Davis, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 25, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Davis v. CashNet USA of Florida, LLC*
Page **9** of **9**